EVELYN LEVY, also known as EMMA LEVY, complainant,

*v.*

AARON H. LEVY, also known as HARRY A. LEAVY, defendant.

[Decided October 30th, 1939.]

*Mr. Morris N. Hartman,* for the complainant.

*Mr. Benjamin Wasserman,* for the defendant.

HERR, A. M.

On August 10th, 1938, complainant secured a decree of divorce from the bond of matrimony against defendant in the State of New York, together with an order for permanent alimony and maintenance of $15 per week for her support and that of an infant child of the marriage in her custody. That decree and order are still in full force and effect, but

the order is no longer being obeyed by the defendant, who has now become domiciled in New Jersey, and has placed himself beyond the reach of New York process. Complainant has secured three judgments at law against him in New Jersey for arrearages under the New York order, but has been unable to collect more than four or five dollars per week by garnishment of his salary in execution. The situation of the parties has not changed substantially since the entry of the New York order, except that the defendant has remarried; a circumstance which evidently has furnished the reason, although not justification, for his failure to comply with the terms of the order. The proofs indicate that complainant is in need of the full allowance of $15 per week for the maintenance of herself and the child, and that defendant's faculties are amply sufficient to enable him to continue those payments.

Complainant's bill, process under which has been served personally upon defendant in New Jersey, prays that alimony and maintenance be fixed and decreed by this court for her support and that of the child, under the 1938 amendment of *R. S. 2:50-37; P. L. 1938 ch. 235 p. 538 § 1 (C. S. R. S. 2:50-37; 2 N. J. S. A. 2:50-37)*. She now applies *ad interim* for a suitable allowance and for suit moneys. Her motion is resisted on the ground that the statute does not in terms authorize the granting of *pendente lite* relief to a complainant who has secured her decree for divorce elsewhere than in New Jersey, and that since the court's jurisdiction rests solely upon the statute, and since the relationship of husband and wife no longer exists, the court is without jurisdiction to grant relief except upon final hearing.

In my judgment there is no substance in the objection. Until the adoption of the amendment this court was without jurisdiction to award alimony or maintenance under *R. S. 2:50-37* to a former wife who had secured a decree of absolute divorce elsewhere than in New Jersey. *Hughes* v. *Hughes, 125 N. J. Eq. 47; 4 Atl. Rep. (2d) 288*. The legislative purpose in adopting the amendment was to enlarge the court's jurisdiction so as to enable it to make such awards in proper cases to former wives whose divorces have been secured abroad.

*Id.* This enlargement of jurisduction is in furtherance of the modern tendency to regard a cause of action for alimony or maintenance as complete in itself and independent of the cause of action for divorce, and as being essentially personal and transitory in its nature. *Lynde* v. *Lynde, 64 N. J. Eq. 738; 52 Atl. Rep. 694; Pennington* v. *Fourth National Bank, 243 U. S. 269; 61 L. Ed. 713; Maloney* v. *Maloney, 12 N. J. Mis. R. 397; 174 Atl. Rep. 28; Sutphen* v. *Sutphen, 103 N. J. Eq. 203; 142 Atl. Rep. 817; Noel* v. *Noel, 15 N. J. Mis. R. 576, 579; 193 Atl. Rep. 558; Gasteiger* v. *Gasteiger, 5 N. J. Mis. R. 317; 136 Atl. Rep. 497,* in which the late Vice-Chancellor Backes coined the aphorism "state boundaries do not make court barriers."

A husband's obligation to support his wife arises out of the marital relationship. It is a legal obligation existing independently of contract. Alimony is the means of enforcing the continuing duty of support which the husband owes to his wife, and of which he is not permitted to absolve himself by his own misconduct, although such misconduct has resulted in a dissolution of the marriage. *Lynde* v. *Lynde, 64 N. J. Eq. 736, 751; 52 Atl. Rep. 694; McGuinness* v. *McGuinness, 72 N. J. Eq. 381, 386; 68 Atl. Rep. 768; Dietrick* v. *Dietrick, 88 N. J. Eq. 560; 103 Atl. Rep. 242.*

· In the instant case, the complainant having secured a decree of absolute divorce against the defendant, and the amendment having placed her in much the same situation as though she had secured her divorce decree in this state, his common law obligation to support her continues and may be enforced in her present suit. She has secured personal service of process upon him, and upon proof of her need for support and his ability to meet that need, if her cause is otherwise just and equitable, this court can and should grant her relief at final hearing. She is without adequate remedy unless the court entertains her present suit. Her order for alimony entered in the New York proceeding is still in full force and effect, but as a practical matter she is unable to enforce it. It is consequently within the well settled rules of comity and propriety that this court should grant her the relief sought. See *Goodman* v. *Goodman, 15 N. J. Mis. R. 716, 721; 194 Atl. Rep. 866.*

Since the court is empowered by the amendment to grant final relief upon the bill, it must follow that *ad interim* relief may be granted, inasmuch as the proofs disclose the necessity therefor. It is true that the amendment does not in express language authorize the court to grant preliminary relief, but the court's power to do so is inherent in the sense that it is implied in the statutory authority to afford the ultimate remedy. The alimony section of our statute contained no express provision, prior to its amendment in 1902, permitting the court to grant *ad interim* relief, just as the section providing for separate maintenance has not to this day contained such express provision. But the court has never hesitated in proper cases to grant *ad interim* relief under each section, because of the necessity of the case. *Wilson* v. *Wilson, 14 N. J. Mis. R. 33; 181 Atl. Rep. 257,* and cases cited. See *Adams* v. *Adams, 125 N. J. Eq. 166; 4 Atl. Rep. (2d) 58.*

In dealing with cases in which complainants have secured their divorce decrees elsewhere than in New Jersey it is to be anticipated that questions may arise which never confronted the court under the original statute. In some instances the cause of action may be barred for legal or constitutional reasons, and where there is no such bar equitable considerations may intervene to defeat the claim or to require that relief be conditioned so as to prevent inequity. The statute is not mandatory. It is within the chancellor's discretion to condition the relief or to deny the prayer *in toto*. The expression of the statute is that the court of chancery *"may"* make such order, &c. See *Hatch* v. *Hatch, 15 N. J. Mis. R. 461, 464; 192 Atl. Rep. 241.* It was the legislative intent, by enacting the amendment, to empower this court to see to it so far as possible that New Jersey shall no longer be a haven for ex-husbands who immigrate to this state in order to avoid their alimony obligations, finding here a substantially complete refuge. See *Dennison* v. *Dennison, 98 N. J. Eq. 230; 130 Atl. Rep. 463; affirmed, 99 N. J. Eq. 883; 133 Atl. Rep. 919.*

Had these parties been divorced in New Jersey, complainant's application would have been by motion in the cause. The circumstance that the divorce decree was secured in

another state requires her to proceed by bill and subpœna, technically involving an order of reference and final hearing. From the proofs there appears to be no room for the defendant to argue against the equity of complainant's bill. His continuing obligation toward complainant is beyond question. It is *res judicata* by the New York decree. It appears that the sum fixed by the New York order is likewise *res judicata,* the circumstances of the parties not having changed substantially since its entry. Hence there seems to be nothing open to serious litigation in the present suit, and nothing requiring further hearing except the procedural necessity. But this necessity involves delay and expense, and until final hearing complainant must be furnished with the means to subsist and to prosecute her suit; otherwise the remedy provided for her by the amendment would be beyond her ability to attain.

It will be noted that the allowance fixed and ordered by the New York court was for the benefit not only of the complainant herself, but of the infant child of the marriage in her custody. So far as defendant's obligation toward the child is concerned, his defense to this motion is *a fortiori* untenable. See *Royce* v. *Royce, 124 N. J. Eq. 471; 1 Atl. Rep. (2d) 878.*

Complainant's application will be granted. *Ad interim* maintenance for herself and the child will be fixed at $15 per week, conditioned, however, upon complainant's procuring the vacation of the New York order so far as it operates prospectively. Complainant is also entitled to the costs of this motion to be taxed, including a reasonable counsel fee.