9 N.J. Super. 11 (1950)
74 A.2d 420
ETHEL C. SCHUSTER, PLAINTIFF-RESPONDENT,
v.
BERNARD R. SCHUSTER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1950.
Decided June 30, 1950.
*13 Before Judges COLIE, JAYNE and EASTWOOD.
Mr. Joseph Schoenholz argued the cause for appellant.
Mr. Woodruff J. English argued the cause for respondent.
The opinion of the court was delivered by COLIE, J.
This is the defendant's appeal from a judgment of the Superior Court, Chancery Division, that he "pay to the plaintiff the sum of Twenty Dollars ($20) a week for her support and that of Bernard Robert Schuster, Jr., infant child of the marriage."
The cause is before this court upon an agreed statement in lieu of record which discloses that the plaintiff wife filed a petition for divorce upon the ground of extreme cruelty on September 11, 1947. Personal service was effected upon the defendant at his home in New Jersey. Paragraph 10 prays for a dissolution of the marriage, custody of their child and concludes "Petitioner prays that defendant may be decreed to support petitioner and said child of said marriage and that she may have such further relief as may be just." On May 26, 1948, the court permitted defendant to file an answer and counterclaim. This pleading does not appear in the appendix. As of July 15, 1948, the cause had progressed to the entry of an order for pendente lite support of the child. The next significant fact is the issuance of an order to show cause on January 24, 1949, "why the plaintiff should not be granted leave to file an amended complaint," providing for service thereof "upon the defendant's solicitor of record * * * (in) Newark." On March 18, 1949, the court granted plaintiff leave to file an amended complaint, and defendant ten *14 days to plead thereto. The amended complaint demanded judgment "Compelling the defendant to support her and the infant child of the marriage; compelling the defendant to give reasonable security for such maintenance and to pay the same from time to time under the compulsory order of this Court, as provided by statute; directing the payment of her counsel fees and costs," and a direction that defendant file an answer. Defendant countered with a motion under Rule 3:12-2 to strike the first cause of action in the amended complaint, i.e., for support and maintenance upon three grounds (1) lack of jurisdiction over the person, (2) insufficiency of process and (3) "insufficiency of service of process, by reason of the fact that said cause of action is wholly new, is transitory and personal in nature and was instituted after the defendant became a resident of Florida without service of summons or other process upon him." After argument the court denied the motion and defendant then filed an answer to the second cause of action pleaded in the amended complaint, i.e., for divorce on the ground of extreme cruelty. Thereafter, defendant submitted interrogatories, some were answered voluntarily, others under court direction to do so. The agreed statement in lieu of record discloses what transpired. We quote:
"11. On June 20, 1949, this cause was tried for an entire day before Advisory Master Tomasulo and the plaintiff sought to prove extreme cruelty on the part of the defendant but failed to complete her case before adjournment. The testimony of the plaintiff and her witnesses on that day was relevant to both counts of the amended complaint. Counsel for the defendant cross-examined all witnesses who testified. Counsel for the defendant objected to every bit of testimony he considered to be relevant only to the first count and all such objections were overruled. Counsel for the defendant did not cross-examine on testimony he objected to. The defendant was present in court, having been brought from Florida, but had no opportunity to testify. Upon adjournment, it was indicated by the court that the next trial date would be sometime in August.
"12. On the following day, after the defendant had departed for Florida, his counsel consented to the plaintiff presenting further proofs on June 28, 1949, with the understanding that the defendant could not complete his case on that day since he was without funds to *15 return. Plaintiff's counsel did not, however, proceed with testimony in furtherance of the second count of the amended complaint but opened by moving the dismissal of said count and presented a prepared order to the court, which was signed. The defendant's counsel was excused by the court after stating that he was present to defend only the second count. * * *"
The defendant subsequent to service upon him of the original petition for divorce moved to Florida and there established a bona fide residence, and he was a resident of Florida when the order to show cause was issued on January 24, 1949, and at all times thereafter.
The New Jersey court had jurisdiction over the person of the defendant by reason of personal service upon him of the original divorce proceeding. The court below entered judgment against the defendant in the maintenance action upon the belief that Chapter 320, Laws of 1948, amending R.S. 2:50-20 coupled with Rule 3:84-4 conferred jurisdiction upon the New Jersey court to enter the judgment under review. R.S. 2:50-20, as amended reads:
"Proceedings in any suit commenced under this chapter shall not be set aside, annulled or made void for any defect in matter of form or for any mistake or omission not affecting the real merits of the cause, and the court may permit either party to amend his proceedings in the cause, either in matters of form or substance, including amendments to set forth a cause of action which has arisen or become known since the filing of the original complaint or to change the action to any other cause of action under this chapter, and proceed to give judgment according to the merits of the case."
Rule 3:84-4 reads:
"In any action for divorce, nullity of marriage, or separate maintenance, an amendment to the complaint or counterclaim may be allowed to set forth a cause of action which has arisen or become known since the filing of the original complaint, or to change the action from separate maintenance, absolute divorce or divorce from bed and board to any other one of said actions."
The original suit instituted by the wife was for divorce upon the ground of extreme cruelty. The amendment added a cause of action for support and maintenance. A divorce action and one for separate maintenance are distinct *16 and different causes of action. Levy v. Levy, 17 N.J. Misc. 324 (Ch. 1939). The question then arises as to whether R.S. 2:50-20 as amended and Rule 3:84-4 have had the effect attributable to them by the court below. They have liberalized the power of the court to amend and they have extended the jurisdiction of the court over the subject matter, but they do not extend the overall jurisdiction of the court. The service upon the defendant in this case was in a divorce action, and, granting as we must, the power to amend in accordance with the liberalized practice, there still remains the question of jurisdiction over the non-resident.
The court concededly had the power to amend but that does not of necessity imply the power to adjudicate. The latter involves the question of due process. The basic rule is stated in Restatement of the Law of Judgments A.L.I., § 5, that "A judgment is void unless the State in which it is rendered has jurisdiction to subject to its control the parties or the property or status sought to be affected." This is in accordance with the holding in Pennoyer v. Neff, 95 U.S. 714; 24 L.Ed. 565 (U.S. Sup. Ct. 1877). Comment g. to Section 5 is apposite. It reads in part:
"If a plaintiff brings an action against a defendant who is subjected to the jurisdiction of the court, whether by personal service upon him within the State or by a substituted form of service while he is domiciled within the State or by his general appearance in the action or otherwise, the jurisdiction of the court over him continues although the complaint is amended, where the effect of the amendment is not to add or substitute a different cause of action from that stated in the complaint. * * *
"The result is different, however, where by an amendment a different cause of action is added to or substituted for the original cause of action, if when the amendment is made the defendant is no longer subject to the jurisdiction of the State. This is true whether or not notice of the amendment is given to the defendant. If no notice of such an amendment is given to the defendant, and judgment is rendered against him by default, a judgment for the plaintiff on the new cause of action is void * * *. Even if notice of the amendment is given to the defendant, the judgment for the plaintiff on the new cause of action is void because of lack of jurisdiction of the court over him. The fact that the court has acquired jurisdiction over the defendant with respect to the original cause of action does not give the court jurisdiction over him as to other causes of action. In such a *17 case the court cannot give a valid judgment against the defendant as to these other causes of action unless the defendant is not only given notice but is subjected to the jurisdiction of the court as to these causes of action. Thus, if the plaintiff brings an action against the defendant who is a non-resident of the State in which the action is brought and is served with process while temporarily within the State, and thereafter the plaintiff amends his complaint by adding or substituting a different cause of action against the defendant, the court has no jurisdiction to render a judgment against the defendant on the new claim, unless he is again served with process or otherwise subjected to the jurisdiction of the court as to the new claim. * * * The result is the same where the defendant was domiciled within the State when the plaintiff brought his action and was served at his place of residence, but was no longer domiciled within the State when the new claim was added or substituted. * * * The result is the same also where the defendant was not otherwise subject to the jurisdiction of the court but entered a general appearance in the action before the complaint was amended. * * *"
Respondent relies heavily upon Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 87 L.Ed. 1509 (U.S. Sup. Ct. 1942). The cited case involved the question of whether after removal from the state court to the federal court there could be an amendment of a contract action to one for treble damages under the Clayton Act and the opinion turns upon the narrow question of whether the defendant was "found" in the district within the meaning of Section 4 of the Clayton Act. That opinion is no authority on the question of the court's jurisdiction over the defendant in the amended cause of action for separate maintenance. To accept the interpretation placed upon R.S. 2:50-20 and Rule 3:84-4 that the court below followed and for which the respondent here argues, would amount to depriving the appellant herein of due process of law in violation of the Fourteenth Amendment of the Federal Constitution.
We fully appreciate the salutary and progressive features of the legislation and rules of court liberalizing the practice as to amendments, but because of the constitutional considerations here involved we are forced to limit their scope under the circumstances presented by this case.
The judgment is reversed.