**WIFE W., Plaintiff,**

v.

**HUSBAND W., Defendant.**

Superior Court of Delaware,
New Castle.
June 15, 1973.

Walter L. Pepperman, II, and Robert F. Stewart, Jr., of Morris, Nichols, Arsht & Tunnel, Wilmington, for plaintiff.

H. Alfred Tarrant, Jr., of Cooch & Taylor, Wilmington, for defendant.

## OPINION

TAYLOR, Judge.

Husband and wife have been divorced in this proceeding. Wife now seeks an allowance of husband's property. An asset of the parties is a certificate for 100 shares of stock of Marble Craft Company, Inc. which is held in the name of the parties "as joint tenants with right of survivorship". This represents the only outstanding stock of the company. The issue which is before the Court for decision before hearing on the request for allowance of property is whether the Court may make an order specifically affecting wife's undivided one-half interest in the jointly owned stock.

Jurisdiction of the Court to make an allowance of property is found in 13 Del.C. § 1531. At the outset it is essential to point out that the item involved here is a single certificate representing 100 shares of stock and being all of the outstanding shares of the corporation. In Townsend v. Townsend, Del.Super., 5 W.W.Harr. 493, 168 A. 67 (1933) this Court held that jointly held shares of stock in a building and loan association "may be considered in the order of division of property" in a divorce proceeding.

▮ The parties have chosen to hold the stock "as joint tenants with right of survivorship" and not as tenants by the entireties.[1] A husband and wife may elect to hold personal property as joint tenants in contrast to tenancy by the entireties. Townsend Corp. of America v. Davidson, 40 Del.Ch. 295, 181 A.2d 219 (1962). The two tenancies are not necessarily entitled to the same treatment in all respects. Ibid. Absent the exercise of statutory allowance of property, upon the dissolution of a marriage a tenancy by the entireties devolves into a tenancy in common between the former spouses, each owning an undivided one-half interest. Rickards v. Rickards, Del.Supr., 166 A.2d 425 (1960). It appears that joint ownership of property whether by tenancy in common or joint tenancy is not affected by marital status. Godman v. Greer, Del.Orph.Ct., 12 Del.Ch. 397, 105 A. 380 (1918); Townsend Corp. of America v. Davidson, supra. Thus, the dissolution of the marriage did not convert the parties' interest in the stock from joint tenancy to tenancy in common. Ibid. The policy of 25 Del.C. Chapter 7 has been held not applicable to jointly held stock. Townsend Corp. of America v. Davidson, supra. It is not necessary to consider whether the procedures which it provides are available in the case of jointly held stock.

▮ The statute grants broad powers to the Court in making allowance of property. It is true that by its terms, the statute refers to an allowance to the wife out of the husband's property. It must also be recognized that the statute does provide that the allowance "may be by a gross sum, annual allowance or by an assignment by metes and bounds". Thus, the Supreme Court has recognized that this Court has been granted "equitable" powers with respect to the division and allocation of marital property. Rickards v. Rickards, supra. This Court has recognized that its powers extend "to finally and irrevocably settle both marital and financial ties of the parties . . ." D. K. v. J. S. K., Del.Super., 283 A.2d 841 (1971). The function of the Court in making such an award is to per-

---

1. Ciconte v. Barba, 19 Del.Ch. 6, 161 A. 925 (1932) concludes that husband and wife may hold personalty in such manner as to have rights similar to tenancy by the entireties in real property.

mit the spouses' conduct and contributions to the marriage to be conveniently litigated and their rights concluded in a single proceeding. In Re Wife K., Del.Ch., 297 A. 2d 424 (1972). In Re Wife K., supra, held that this Court could in the exercise of its jurisdiction under 10 Del.C. § 1531 charge the real estate partition share of the wife with the value of personal property which wife had appropriated to herself.

According to wife the issue here is whether this Court can award to husband a portion of wife's property. If wife were content to retain her interest in the jointly held stock without allowance under 10 Del.C. § 1531, that might be the issue. However, wife has requested such allowance. The power which is in issue is the Court's power to impose a condition upon wife's receipt of an allowance from property of husband.

■■ This case involves more than the allocation of the jointly held stock. There is other property which must be considered. Any allowance must be made based upon the totality of the property of husband after consideration of the assets and income of the parties. Brown v. Brown, Del.Super., 3 Terry 157, 29 A.2d 149 (1942). The determination of whether an allowance should be made, the extent of the allowance and the determination of the form of the allowance rests in the sound discretion of the Court. Wife v. Husband, Del.Super., 258 A.2d 283 (1969); Rickards v. Rickards, supra.

In the exercise of that judicial discretion, the Court should grant that relief which is most appropriate under the facts of the case. Moreover, it is in the interest of all parties that the Court should resolve the issues in such way that further litiga-

tion is avoided. One mechanism which can be effectively used is the conditional award or decree. 27 Am.Jur.2d 664, Equity § 134. Thus, this Court has made the award to a wife conditional upon her relinquishment of her right in jointly owned property. Winter v. Winter, (C.A. 2914, 1970); Turner v. Turner, (C.A. 2017, 1972); Beeson v. Beeson, (C.A. 2460, 1972).

At this stage, the Court is not called upon to determine the disposition of the stock. Practical considerations relating to the nature of the corporate enterprise may be significant. From the limited information before the Court several factors are worthy of comment: (1) This stock is jointly held; hence there are inherent problems concerning possession of the stock, the right to vote the stock and the right to receive dividends; (2) There is no other stock outstanding; hence election of directors and other actions requiring stockholder action are thwarted; (3) An indefinite absence of stockholder action may result in corporate dissolution under 8 Del.C. § 283 upon the initiative of any stockholder. In making an allocation the Court must weigh the probable consequences from the several alternatives. The status, nature and value of the other assets of the parties will have some bearing on the Court's determination. The Court must adopt the alternative which is in the best interest of the parties and is the most fair and equitable.

■ At this stage, it is sufficient the Court hold that it has jurisdiction under a proper state of facts to condition an allocation to the wife upon her transferring or relinquishing her rights in jointly held property.