**In re Kenneth G. KELLY, Debtor.**

**No. 02–10744 (MFW).**

United States Bankruptcy Court, D. Delaware.

Jan. 30, 2003.

David Staats, Law Office of David Staats, P.A., Wilmington, DE, Judgment Creditor.

Kevin William Gibson, Gibson & Perkins, P.C., Media, PA, for the Debtor.

Jeoffrey L. Burtch, Wilmington, DE, Chapter 7 Trustee.

## MEMORANDUM OPINION[1]

MARY F. WALRATH, Bankruptcy Judge.

### I. INTRODUCTION

Before the Court is the Amended Unsecured Judgment Creditors' Objection under 11 U.S.C. § 522(1) to Property Claimed as Exempt under 11 U.S.C. § 522(b)(2)(B). Kenneth Kelly ("the Debtor") claimed as exempt an interest he holds in real property with his second wife. Judgment creditors, the Law Office of David Staats, P.A., and David Staats, individually (collectively "Staats") object to the claimed exemption and seek a declaration that the Debtor and his wife hold the property as tenants in common, not as tenants by the entireties.

To the extent that this Court finds that the Debtor and his wife hold the real property as tenants by the entireties, Staats contends nonetheless that his judgment against the Debtor attaches to the Debtor's interest as a tenant by the entirety in the property and that interest should be administered by the Trustee. Alternatively, Staats asserts that the Debtor's conveyance of real property to himself and his wife was a fraudulent transfer under Delaware law, which may be avoided by the Trustee and recovered for the benefit of the estate.

For the reasons set forth below, the Objection is overruled.

### II. FACTUAL BACKGROUND

Staats filed an action against the Debtor on September 5, 1997, in the Superior Court of Delaware to recover $145,267.49 in unpaid legal fees. The Complaint was not timely answered, and a default judgment was consequently entered against the Debtor.

On September 26, 1997, while the Superior Court action was still pending, the Debtor, as sole owner of a parcel of real property located at 2 North Colt's Neck Way, New Castle County, Delaware ("the Property"), conveyed the Property to himself and his second wife. The deed provides that the Debtor conveys to "Kenneth Kelly and Wendy Kelly, his wife" all of his interest in the Property.

Staats asserts he did not learn of the transfer until approximately four years and two months after the transfer. On February 26, 2002, Staats brought an action in the Delaware Court of Chancery to set aside the transfer as a fraudulent conveyance pursuant to Delaware law.

On March 11, 2002, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code. The Debtor claimed the Property as exempt under section 522(b)(2)(B). Staats objected to the claimed exemption.

### III. JURISDICTION

This Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(1), (b)(2)(A) and (O).

### IV. DISCUSSION

The issue before the Court is in what form the Debtor and his wife hold the Property. Staats asserts that the Debtor and his wife own the Property as tenants in common, rather than as joint tenants or tenants by the entireties. If the Property is held as tenants in common, then the Property may not be exempted by the Debtor under section 522 and applicable

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

Delaware law. The Debtor asserts that he and his wife hold the Property as tenants by the entireties. Accordingly, the Debtor maintains that the Property was correctly listed as exempt.

### A. Tenants by the Entireties

■ Delaware law governs the type of ownership interest vested in the Debtor and his wife by virtue of the language employed in the deed. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("property rights are created and defined by state law").

■ Staats argues that, since the Debtor did not convey his interest in the Property to himself and his wife with the mandatory language "as tenants by the entireties," the Debtor and his wife only own the Property as tenants in common. The Delaware statute provides in relevant part:

> (b) This section shall be construed as authorizing a conveyance of an interest in real property:
>
> (1) By either spouse without the joinder of the other spouse to themselves as tenants by the entireties.

Del.Code Ann. tit. 25, § 309(b)(1) (1997).[2]

The statute does not state what language is needed to create a tenancy by the entireties. Staats asserts, however, that a person wishing to convey real property to himself and his spouse as tenants by the entireties under section 309 must indicate such an intent by including the notation "as tenants by the entireties" in the deed. *See, e.g., Townsend Corp. of America v.*

*Davidson,* 181 A.2d 219 (Del.Ch.1962). However, *Townsend* does not support Staats' assertion that such specific language is required.

In *Townsend,* stock was held by Morris Townsend and Josephine Townsend as joint tenants. *Id.* at 220. The Court concluded that "by the language employed a joint tenancy was created." *Id.* In so holding, the Court reasoned that if a tenancy by the entireties was the intended form of ownership, more specific language could have been employed by the parties. *Id.* The Court, however, did not provide any guidance as to the appropriate language required to evidence such an intent. Contrary to the assertion of Staats, the Court in *Townsend* did *not* conclude that to create a tenancy by the entireties the deed must specify that the real property is held by the parties "as tenants by the entireties."

■ Further, in interpreting the common law rule with respect to entireties estates (which applied before passage of the statute), many Delaware courts held that a conveyance or devise to a husband and wife creates a tenancy by the entireties absent any clearly expressed intention to the contrary. *See, e.g., Greenly v. Greenly,* 49 A.2d 126, 129 (Del.Ch.1946) (a conveyance of land to a husband and wife creates a tenancy by the entireties, as opposed to a joint tenancy or tenancy in common); *Kunz v. Kurtz,* 68 A. 450 (Del. Ch.1899) (a conveyance of real property to a husband and wife creates an entireties estate); *Heitz v. Sayers,* 121 A. 225

---

**2.** Section 309(b) was amended in 1998 to read:

> (b) This section shall be construed as authorizing a conveyance of an interest in real property:
> (1) By either spouse, in any estate, tenancy or capacity other than tenancy by the entireties, without joinder of the other spouse,

to both spouses in any estate, tenancy or capacity.

Del.Code Ann. tit. 25, § 309(b)(1) (1998). The transfer at issue occurred in 1997, before the amendment. While the amendment gave section 309(b)(1) more specific language, the result in this case would be the same under either version.

(Del.Super.Ct.1923) (a conveyance of property to a husband and wife results in the parties owning such property as tenants by the entireties); *Godman v. Greer*, 105 A. 380, 382 (Del.Super.Ct. & Orphans' Ct.1918) ("a grant or devise of land to a man and his wife during coverture, without any express intent to create any other estate, would vest in them an estate by the entireties"). Accordingly, we conclude that the specific designation "as tenants by the entireties" is not required to form an entireties estate under the Delaware statute or common law. Rather, the transfer to a husband and wife creates a tenancy by the entireties, unless language to the contrary is used.

■ Staats argues nonetheless that express language creating a tenancy by the entireties is necessary under section 701 of the Delaware statute, which provides in relevant part:

> No estate, in joint tenancy ... shall be held or claimed by or under any ... conveyance made to any persons, other than to executors or trustees, unless the premises therein mentioned are expressly granted, devised or conveyed to such persons, to be held as joint tenants and not as tenants in common.

Del.Code Ann. tit. 25, § 701 (1953). Delaware law mandates that the creation of a joint tenancy be expressly stated or that the granting instrument "negatively state" that the persons holding the property are not tenants in common. *Pagliaro, Inc. v. Zimbo*, 1987 WL 10275, at *2 (Del.Super.Ct. Apr.16, 1987); *Lee v. Peay*, 1998 WL 326688 (Del.Ch. June 16, 1998)(section 701 presumes that real property passes to two parties as tenants in common in the absence of express language that it is a joint tenancy); *Bullen v. Davies*, 209 A.2d 81 (Del.1965)(because joint tenancies are disfavored by law, section 701 prohibits the creation of a joint tenancy in the absence of specific language conveying the property to joint tenants and not to tenants in common). *But see Short v. Milby*, 64 A.2d 36, 38 (Del.Ch.1949)(although it is "safer" to copy the words in the statute, such a practice is not essential if the grantor's intention to create a joint tenancy is apparent from the language utilized in the deed).

Delaware courts, however, have held that section 701 has no application to a conveyance of property creating a tenancy by the entireties since it is not a joint estate. *Bullen v. Davies*, 209 A.2d at 83 (*citing Greenly*, 49 A.2d 126). Instead, Delaware courts have historically held that a conveyance to a husband and wife will ordinarily create a tenancy by the entireties unless there is an express intention in the instrument to hold the property as tenants in common or joint tenants. *Pagliaro*, 1987 WL 10275 at *2 ("[w]hile a conveyance or devise to a husband [and wife] will ordinarily create a tenancy by the entireties ... clearly expressed intentions in the instrument [will allow the parties to] ... take as tenants in common or joint tenants"); *Greer*, 105 A. 380.

Staats argues that *Greer* supports the proposition that a marital relationship does not prohibit the parties from holding the Property as tenants in common. While that may be true, it does *not* support Staats' contention that a tenancy in common was created by the Debtor and his wife in this case. In fact, the Court in *Greer* stated that a tenancy by the entirety is the default form of ownership between a husband and wife:

> It is ... clear that a grant or devise of land to a man and his wife during coverture without any expressed intention to create any other estate would vest in them an estate by the entireties. This was the ancient common-law rule, and it

is still the rule in Delaware ... unless expressly so granted or devised.

*Greer*, 105 A. at 382. Because the instrument in *Greer* contained language clearly stating the grantor's intention to create an ownership interest in the parties as tenants in common,[3] such intent was enforced by the Court. There is no such indication of intent in this case.

The deed in the present case conveys the Property to "Kenneth Kelly and Wendy Kelly, his wife," without the use of qualifying or negative language indicative of the Debtor's intent to hold the property with his wife as joint tenants or tenants in common. In the absence of qualifying language, we conclude that the parties hold the Property as tenants by the entireties and not as joint tenants or tenants in common.

### B. *Exemption*

The Debtor argues that, since the Property is held as a tenancy by the entireties, it is exempt under the Bankruptcy Code. Section 522(b)(2)(B) provides that the debtor may exempt: "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law." 11 U.S.C. § 522(b)(2)(B).

Staats argues that, even if the Property is held as a tenancy by the entirety, his judgment against the Debtor may attach to the Debtor's interest in the Property and therefore the Property cannot be exempted under section 522(b)(2)(B). In so arguing, he relies on the case *United States v. Craft*, 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002).

In *Craft*, the respondent's husband failed to file income tax returns. As a result, a federal tax lien attached to "all [of his] property and rights to the property." *Id.*, 122 S.Ct. at 1419. At the time the lien attached, the respondent and her husband owned a parcel of real property located in Michigan, as tenants by the entireties. *Id.* After notice of the tax lien was filed, the respondent and her husband executed a deed transferring the husband's interest in the real property to the respondent alone. *Id.* A few years later when the respondent attempted to sell the property, the encumbrance was revealed. *Id.* The Internal Revenue Service allowed the respondent to sell the property with half of the net proceeds held in escrow pending the resolution of the Government's interest in the property. *Id.*

In resolving entitlement to the proceeds, the Court looked to Michigan law to determine what rights the respondent's husband had in the entireties property. *Id.*, 122 S.Ct. at 1421.[4] The Court held that, although Michigan law precluded the respondent's husband from unilaterally alienating the property, it did not prohibit him from possessing "property and rights to property" to which the federal tax lien

---

**3.** The conveyance was to "Jemima Walker and to her husband, Alexander Walker, and to their heirs and assigns, as tenants in common ...."

**4.** The law in Delaware as it relates to entireties estates is substantially similar to the Michigan law examined by the Supreme Court in *Craft*. *See generally, Cravero v. Holleger*, 566 A.2d 8, 12 n. 4 (Del.Ch.1989). Like

Delaware law, Michigan law recognizes that "neither spouse may unilaterally alienate or encumber the property." *Long v. Earle*, 277 Mich. 505, 517, 269 N.W. 577 (1936). *Cf. In re Hovatter*, 25 B.R. 123, 125 (Bankr.D.Del.1982)(under Delaware law, entireties property is immune from attachment and execution by the creditors of only one of the tenants).

could attach. *Id.,* 122 S.Ct. at 1419 (*citing* 26 U.S.C. § 6321); *see also United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) (federal tax liens could attach to property that was immune from unilateral alienation).

Staats argues that *Craft* should be extended to allow his judgment lien to attach to the Debtor's interest in entireties property. In a similar case, the District Court for the District of Rhode Island declined to extend *Craft,* reasoning that "*Craft* gives no indication that the reasoning therein should be extended beyond federal tax law." *See In re Ryan,* 282 B.R. 742, 748 (D.R.I.2002).[5] We agree.

■■■ Staats' reliance on *Craft* to support the proposition that his judgment against the Debtor may attach to the Debtor's interest in entireties property is misplaced. The Supreme Court in *Craft* relied upon the language of the federal tax lien statute (26 U.S.C. § 6321) which provides that a federal tax lien attaches to all of a debtor's interest in property. In contrast, Delaware law does *not* allow a judgment against one spouse to attach to that spouse's interest in entireties property during their joint lives. *Mitchell v. Wilmington Trust Co.,* 449 A.2d 1055 (Del.Ch. 1982). In fact, it is a well-settled principle of Delaware law that property held by the entireties is validly exempt and may not be reached by the creditors of an individual spouse. *See Hovatter,* 25 B.R. at 125 (under Delaware law, property held as tenancy by the entireties is subject to attachment only by joint creditors of husband

and wife); *Citizens Sav. Bank ex rel. Govatos v. Astrin,* 44 Del. 451, 61 A.2d 419 (1948)(*quoting Hurd v. Hughes,* 12 Del.Ch. 188, 109 A. 418, 419 (1920) ("creditors of either spouse cannot during their joint lives reach by execution any interest which the debtor [holds by the entireties] . . . . when land is held by the entireties a judgment against the husband is not during the joint lives of the tenants of the estate a lien on the land, because his possibility of survivorship cannot be taken in execution")).

Therefore, we conclude that *Craft* is not applicable, and under Delaware law Staats' judgment does not attach to the Property held by the Debtor and his wife as tenants by the entireties. Consequently, the Debtor's claim that the property is exempt is well-founded on section 522(b)(2)(B).

## C. *Fraudulent Conveyance*

■■■ Staats alternatively argues that the Debtor's conveyance of the Property to himself and his wife was a fraudulent conveyance which can be avoided by a creditor under Delaware law.[6] If the transfer is avoided, the Property would be owned by the Debtor alone and thus could not be exempted. The suit brought by Staats in the Delaware Court of Chancery sought to avoid the conveyance as fraudulent under Delaware law. However, since the Debtor has filed bankruptcy, that cause of action belongs to the estate and the Trustee. 11 U.S.C. § 544(b).[7] *See, e.g., In re Blount,* 276 B.R. 753 (Bankr.M.D.La.2002)("the trustee . . . is the only party authorized to

---

5. While acknowledging the contingent nature of the survivorship interest, the *Ryan* Court did permit the sale of the husband's interest under section 363(h)(2) of the Bankruptcy Code which permits the trustee to sell the interest of a husband or wife in entireties property if sale of the interest of the debtor alone would realize significantly less for the estate. The trustee in this case has made no

similar motion for authority to sell the Debtor's interest.

6. *See* Del.Code Ann. tit. 6, § 1304(a)(1) (1996).

7. Section 544 allows a trustee to avoid any transfer that is avoidable by any creditor under applicable non-bankruptcy law.

bring avoidance actions under [section] 544").

In this case, the Trustee has not filed any action under section 544. If the Trustee does file such an action, we can address at that time any defenses that the Debtor may have.[8] Until an action is brought, and an order entered avoiding the transfer, the Property remains a tenancy by the entireties and exempt.

## V. CONCLUSION

For the foregoing reasons, we conclude the Property is held by the Debtor and his wife as tenants by the entireties. Under Delaware law and the Bankruptcy Code, property held in an entireties estate is validly exempt and may not be reached by the creditors of one spouse. Therefore, the Debtor's claimed exemption is valid and Staats' objection is overruled.

---

**8.** The Debtor asserts, *inter alia,* that the action is time barred since the transfer occurred more than four years ago. *See* Del.Code Ann. tit. 6, § 1309 (1996). Staats, however, argues that the statute of limitations is extended where the conveyance is concealed. Section 1309(1) states in relevant part:

A cause of action with respect to a fraudulent transfer ... is extinguished unless action is brought ... within 4 years after the transfer was made ... or, if later, within 1 year after the transfer ... was or could reasonably have been discovered by the claimant.

*Id. But see, Cooch v. Grier,* 59 A.2d 282, 287 (Del.Ch.1948)(where the conveyance was recorded, the creditor was on notice of the potentially fraudulent nature of the transfer and the statute of limitations ran from the recording date).