**DENMAN v. SQUIRE, Superintendent of Banks of Ohio.**

**GUITTEAU, Collector of Internal Revenue, v. SAME.**

**Nos. 8080, 8081.**

Circuit Court of Appeals, Sixth Circuit.

May 6, 1940.

---

922

F. G. Rita, of Washington, D. C. (James W. Morris, Sewall Key, and J. L. Monarch, all of Washington, D. C., Emerich B. Freed, of Cleveland, Ohio, and Gerald P. Openlander, of Toledo, Ohio, on the brief), for appellants.

John J. Kendrick, of Toledo, Ohio (Fraser, Effler, Shumaker & Winn, of Toledo, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

The Commerce Guardian Trust & Savings Bank of Toledo, Ohio, filed its income tax return for 1929 and reported a net income of $270,240.49 and a tax of $29,726.45. It filed its return for 1930 and reported a net income of $39,506.67 and a tax of $4,740.86. Squire, as Superintendent of Banks in charge of the liquidation of the Bank, filed a refund claim for $20,547.46 for taxes paid by the Bank for 1929 and later filed a similar claim for the entire tax paid for 1930.

The refund claims asserted that the Bank during each year was a dealer in securities and was therefore entitled to use, in the computation of its net income, inventories at cost or market, whichever was lower, of securities held by it, and that if it had so inventoried its securities in its returns it would, by using said inventories, have reduced its taxes for the years involved by the amounts claimed. The Commissioner disallowed the refund claims upon the ground that the Bank was not a dealer in securities with the right to inventory them for the determination of net income.

Appellee then brought suits against the Collectors to whom the taxes had been paid to recover the amounts of the refunds claimed, upon the ground that during the years involved the Bank was a dealer in securities and entitled to the use of inventories of the securities held by it in the computation of its net income for each of those years. Appellants for answer traversed appellee's petition and the cases were consolidated and tried by the court without a jury.

The court found that the Bank was a dealer in securities as defined by Article 105, Regulation 74, promulgated under the Revenue Act of 1928, for the period involved. This finding is not questioned and must stand. Further, the court held that the Bank, as such a dealer, was entitled to the use of inventories at cost or market, whichever was lower, in making its tax returns.

But appellants contend that appellee made its returns upon the basis of actual receipts and disbursements and that it is only when a taxpayer uses the accrual method of accounting that he is entitled to use an inventory. Appellants rely upon Treasury Reg. 74, Art. 322. The court found, however, that appellee, for both years involved, filed its tax return upon the basis of the accrual system of accounting and this finding has ample support in the returns themselves and must stand. The two schedules show the following items:

| | "December 31, 1929 | December 31, 1930 |
|---|---|---|
| "Accrued items receivable— net | $ 173,897.44 | $164,476.36 |
| Prepaid insurance | 8,989.41 | 8,863.88 |
| Prepaid interest | 9,678.22 | ......... |
| Stationery—deferred | 7,500.00 | 7,500.00 |
| Accrued income tax payable | 32,200.00 | 10,000.00 |
| Accrued other taxes payable | 48,302.35 | 49,934.53 |
| Accrued dividends | 56,000.00 | 28,000.00 |
| Accrued interest payable.. | 61,034.07 | 65,589.65 |
| Bills payable | 1,405,000.00 | ......... |
| Reserve for contingencies.. | 591.25 | 65,000.00" |

These items are peculiar to an accrual system of accounting.

In Aluminum Castings Co. v. Routzahn, 282 U.S. 92, 99, 51 S.Ct. 11, 14, 75 L.Ed. 234, it was said: "The use of inventories, and the inclusion in the returns of accrual

items of receipts and disbursements appearing on petitioner's books, indicate the general and controlling character of the account, Niles Bement Pond Co. v. United States, 281 U.S. 357, 360, 50 S.Ct. 251, 74 L.Ed. 901; United States v. Anderson, supra, 269 U.S. [422], pages 442, 443, 46 S.Ct. 131, 70 L.Ed. 347, and support the finding of the trial court that books and returns are on the accrual basis."

The fact that returns indicate that they were made upon the basis of actual receipts and disbursements is not controlling. In the Routzahn case, 282 U.S. at page 99, 51 S.Ct. at page 14, 75 L.Ed. 234, the court said: "But whether a return is made on the accrual basis, or on that of actual receipts and disbursements, is not determined by the label which the taxpayer chooses to place upon it."

Finally, it is said that the record contains no evidence that the Commissioner refused to permit appellee to use inventories or that it ever applied for such permission. Appellee, in its refund claims, did request the right to use inventories but, even so, we find nothing in Article 105 of Regulation 74 that requires the taxpayer to obtain such permission from the Commissioner.

The judgments are affirmed.