In re Gregory Peter **CANELOS** and Sheila Dawn Canelos, Debtors.

Gregory Peter **CANELOS** and Sheila Dawn Canelos, Movants,

v.

Anthony R. **MIGNINI** t/a **TAM–D** Construction and Deborah Hunt Devan, Trustee, Respondents.

Bankruptcy No. 96–5–0808–JS.

United States Bankruptcy Court, D. Maryland.

Dec. 11, 1997.

Jay V. Strong, Towson, MD, for Respondent.

## AMENDED MEMORANDUM OPINION GRANTING MOTION TO AVOID LIEN

JAMES F. SCHNEIDER, Bankruptcy Judge.

Husband and wife debtors filed a joint motion to avoid a judicial lien [P. 4] upon real property in which they claimed an exemption in an amount greater than that allowed by law. In addition, they filed a motion for summary judgment [P. 9], which asserted that the judicial lien also constituted a voidable preference. The lienholder objected on the following grounds: that the wife was not entitled to claim an exemption in the real property because she held no ownership interest in it with the husband; and that the lien could only be avoided to the limit of the legally authorized exemption because the debtors claimed the exemption in the real property in an amount greater than that allowed by law.

This Court entered an order [P. 27] and a memorandum opinion [P. 26] on July 23, 1997 granting the debtors' motion to avoid the lien. Following the entry of that order, an error in phrasing with regard to a discussion of Bankruptcy Rule 4003(b) was detected. It does not affect the outcome of the lien avoidance action. This opinion is being amended to ensure that any future reference to this case properly interprets Rule 4003(b).

This amended opinion holds that: (1) a debtor may not avoid a lien on property in which the debtor holds no ownership interest; (2) an exemption that was allowed without objection may be challenged as to amount by a lienholder in defense of a motion to avoid lien; and (3) an adversary proceeding must be filed whenever a debtor seeks to avoid a judicial lien as a preference. Accordingly, the debtors' motion to avoid judicial lien will be granted only as to the husband who held an interest in the real property, and only to the extent of the amount he was entitled to claim pursuant to Maryland law.

Imad K. Dajani, Baltimore, MD, for Movants.

Deborah Hunt Devan, Baltimore, MD, Chapter 7 Trustee.

## FINDINGS OF FACT

On February 1, 1996, the debtors, Gregory Peter Canelos and Sheila Dawn Canelos, filed the instant joint, voluntary Chapter 7 bankruptcy petition. The debtors' Schedule A listed an interest in real property known as 210 Glider Avenue, Baltimore, Maryland 21220, although the deed to the property reflected that it was owned solely by Mr. Canelos. *See* Respondent's Ex. 2. In Schedule C, both debtors claimed an exemption in the real property in the amount of $10,000. No objection to the exemption was filed.

The debtors' Schedule D identified Lee Servicing Co. as the holder of a first lien on the real property in the amount of $56,600, and Signet Bank as the second lienor in the amount of $14,500.

The debtors' Schedule F listed an unsecured, non-priority claim of the respondent, Anthony R. Mignini (t/a TAM–D Construction), in the amount of $16,111. The Mignini lien arose out of a judgment entered on May 30, 1995, in the District Court of Maryland for Baltimore County against Mr. Canelos and in favor of TAM–D Construction in the amount of $15,155.58 ($12,621.32 plus attorney's fees of $2,524.26 and costs of $10.00). *See* Respondent's Ex. 1. The judgment was rendered in an action for breach of contract and represented the cost of home improvements made to the debtors' residence. On September 29, 1995, Mr. Mignini recorded a Notice of Lien of Judgment in the Circuit Court for Baltimore County. *See* Respondent's Ex. 1.

The instant motion to avoid the respondent's lien [P. 4] filed jointly by the debtors alleged that the lien may be avoided pursuant to Section 522(f) of the Bankruptcy Code and that a levy by the Sheriff of Baltimore County upon the real property within 90 days of the filing of the debtors' Chapter 7 petition constituted a preferential transfer under Section 547.

The debtors also filed a motion for summary judgment [P. 9], based upon the allegation that the levy on the debtors' home constituted a preferential transfer.

The parties agreed by stipulation [P. 21] that the fair market value of the real property is $83,000.

## CONCLUSIONS OF LAW

### EXEMPTION OF PROPERTY FROM THE BANKRUPTCY ESTATE

When a bankruptcy petition is filed, an estate is created that includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, a debtor may claim certain property exempt from estate administration to obtain a fresh start at the conclusion of the bankruptcy proceeding. *Cheeseman v. Nachman (In re Cheeseman)*, 656 F.2d 60 (4th Cir.1981) (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 126 (1977), *reprinted in* U.S.Code Cong. & Ad.News 5963, 6087 (1978)). *See also* 11 U.S.C. § 522 (setting forth Federal exemption law). Maryland has "opted out" of the Federal exemption scheme. *See* 11 U.S.C. § 522(b)(1); Md. Cts. & Jud. Proc.Code Ann. § 11–504(g); *In re Ginn,* 186 B.R. 898 (Bankr.D.Md.1995). Therefore, debtors who file bankruptcy in Maryland must claim exemptions pursuant to State law.[1]

---

1. The Maryland exemptions are generally set forth in Section 11–504(b) and (f) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland, as follows:

   (b) In general.—The following items are exempt from execution on a judgment:

   (1) Wearing apparel, books, tools, instruments, or appliances, in an amount not to exceed $2,500 in value necessary for the practice of any trade or profession except those kept for sale, lease, or barter.

   (2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.

   (3) Professionally prescribed health aids for the debtor or any dependent of the debtor.

   (4) The debtor's interest, not to exceed $500 in value, in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for the personal, family, or household use of the debtor or any dependent of the debtor.

*THE DEBTORS' REAL PROPERTY EXEMPTION EXCEEDED THE ALLOWABLE AMOUNT*

The amount of exemptions claimed by the debtors totalled $11,800, which is within the maximum amount of the $12,000 joint exemption they were entitled to claim under State law. However, the exemption claimed in the real property in the amount of $10,000 exceeded the husband's allowable exemption of $5,500. The allowable exemptions for each of the debtors are enumerated below:

| | |
|---|---|
| Tangible personal property (§ 11–504(b)(4)) | $ 500 |
| Cash or other property (§ 11–504(b)(5)) | $3,000 |
| Real or personal property (§ 11–504(f)) | $2,500 |
| TOTAL | $6,000 |

Md. Cts. & Jud. Proc.Code Ann. § 11–504(b) and (f).

*FOR PURPOSES OF DEFENDING A MOTION TO AVOID LIEN, A LIEN CREDITOR MAY CONTEST THE AMOUNT OF THE CLAIMED EXEMPTION*

■ This Court holds that a creditor may contest the amount of an exemption for the first time in defending against a motion to avoid lien, not to attack the exemption itself, which is inviolate, but to contest the amount of the exemption for the purpose of limiting the amount of the lien to be avoided, pursuant to Section 522(f).[2] In reaching this conclusion, the Court focused on the difference between the typical objection to an exemption under Rule 4003(b) and an objection to the amount of an exemption in defense of a Section 522(f) lien avoidance action.

■ Objections to exemptions are governed by Section 522(1) and Bankruptcy Rule 4003(b).[3] Unless a party in interest objects to an exemption within 30 days of the conclusion of the meeting of creditors,[4] the property is exempt in the amount claimed. 11 U.S.C. § 522(1); Fed.R.Bankr.P. 4003(b). This is true even if the debtor had no colorable basis for claiming the exemption. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) *Williams v. Peyton (In re Williams)*, 104 F.3d 688 (4th Cir.1997). The purpose of Section 522(1) is to enable debtors to exempt property from administration by the Chapter 7 trustee for distribution to unsecured creditors. If a party in interest objects and the objection is sustained, the exemption is not allowed and the property may be seized by the trustee and distributed to unsecured creditors. If there is no objection, or if an objection is overruled, the property is exempt and beyond the reach of the Chapter 7 trustee and

---

(5) Cash or property of any kind equivalent in value to $3,000 is exempt, if within 30 days from the date of the attachment or the levy by the sheriff, the debtor elects to exempt cash or selected items of property in an amount not to exceed a cumulative value of $3,000.

\* \* \* .

(f) Interest in real or personal property.—In addition to the exemptions provided in subsection (b) of this section, and in other statutes of this State, in any proceeding under Title 11 of the United States Code, entitled "Bankruptcy," any individual debtor domiciled in this State may exempt the debtor's aggregate interest, not to exceed $2,500 in value, in real property or personal property.

Md. Cts. & Jud. Proc.Code Ann. § 11–504(b) and (f).

**2.** This appears to be an open issue in the Fourth Circuit. For cases in other jurisdictions holding that a lien creditor may contest the amount of a debtor's claimed exemption for the first time in a lien avoidance action, *see In re Kobs*, 163 B.R. 368 (Bankr.D.Kan.1994); *In re Streeper*, 158 B.R. 783 (Bankr.N.D.Iowa 1993); *In re Maylin*, 155 B.R. 605 (Bankr.D.Me.1993); *Morgan v. FDIC (In re Morgan)*, 149 B.R. 147 (9th Cir. BAP 1993).

**3.** Section 522(1) provides in pertinent part:

The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, the property claimed as exempt on such list is exempt.

11 U.S.C. § 522(1). Federal Rule of Bankruptcy Procedure 4003(b) provides in pertinent part:

The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) ... unless, within such period, further time is granted by the court....

Fed. R. Bankr.P. 4003(b).

**4.** The discussion of Rule 4003(b) in the opinion of July 23, 1997 stated that a party in interest had 30 days from the "originally scheduled" meeting of creditors to file objections to exemptions. *See Canelos v. Mignini, t/a TAM–D Construction (In re Canelos)*, 212 B.R. 249, 253 (Bankr.D.Md.1997). The opinion should have stated that interested parties have 30 days *after the conclusion of that meeting to file objections.*

therefore exempt from claims of unsecured creditors.

■■■■ Objections to exemptions as a defense to lien avoidance actions are governed solely by Section 522(f). The purpose of Section 522(f) is to permit debtors to avoid certain types of liens on property previously exempted from the bankruptcy estate. Once the lien is avoided, the property is placed beyond the reach of the secured creditor and may be retained by the debtor to effectuate a fresh start. If a creditor defeats a lien avoidance motion by successfully contesting the amount of the exemption, the debtor loses the ability to avoid the lien, but the property retains its status as exempt from being administered as property of the bankruptcy estate.

In the instant case, no objection to the debtors' claim of exemption in the real property was filed by a party in interest within 30 days after the conclusion of the scheduled meeting of creditors, and therefore the property is exempt in the amount claimed. However, the lienor may contest the amount of the exemption in defense of the debtors' motion to avoid its lien.

■■■■ This conclusion comports with the well-recognized premise that liens survive a bankruptcy discharge unless the debtor successfully prosecutes motions to avoid liens during the pendency of the bankruptcy case. *See Cen–Pen Corp. v. Hanson,* 58 F.3d 89 (4th Cir.1995) ("Because an unchallenged lien survives the bankruptcy discharge of a debtor, however, a creditor with a loan secured by a lien on the debtor's property is free to ignore the bankruptcy proceeding and look solely to the lien for satisfaction of the debt."). *See also Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991); *Louisville Joint Stock Land Bank v.*

*Radford,* 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935); *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886).

## *LIMITATIONS UPON A DEBTOR'S ABILITY TO AVOID LIENS*

■■■ The motion to avoid lien must be denied as to Mrs. Canelos because she held no ownership interest in the property that was subject to the lien. Debtors may not avoid judicial liens under section 522(f) unless they have a property interest to which the liens have attached. *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991).

## *OBJECTION TO THE AMOUNT OF THE CLAIMED EXEMPTION WILL BE SUSTAINED*

The Court will treat the $10,000 exemption in real property as having been claimed solely by Mr. Canelos, and will sustain the lienor's objection to the dollar amount of the claimed exemption of $10,000 in Mr. Canelos' interest in real property because it exceeded the amount exemptible under Maryland law.

## *AMOUNT OF THE EXEMPTION FOR PURPOSES OF LIEN AVOIDANCE*

The Court will allow Mr. Canelos a $5,500 exemption in the real property for the purpose of avoiding the respondent's lien. The remaining exemption in personal property will be attributed solely to Mrs. Canelos.

## *APPLICATION OF THE FORMULA IN SECTION 522(f) TO RESPONDENT'S LIEN*

■■■■ Section 522(f) provides that a judicial lien[5] may be avoided to the extent that it impairs an exemption to which the debtor would have been entitled if the lien did not exist. 11 U.S.C. § 522(f)(1)(A). Section

---

**5.** A "judicial lien" is defined in the Bankruptcy Code as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). Maryland Rule 3–621 provides in pertinent part:

A money judgment constitutes a lien in the amount of the judgment and post-judgment interest on the judgment debtor's interest in land located in a county, except as provided by law, only in accordance with this Rule.
* * *

When a Notice of Lien is recorded and indexed in the circuit court, the judgment constitutes a lien from the date of recording.

Md. Rule 3–621(a) and (c)(3). The judgment rendered in the District Court of Maryland for Baltimore County became a judicial lien on the real property owned by Mr. Canelos on September 29, 1996, when the respondent recorded the Notice of Lien among the land records in the Circuit Court for Baltimore County.

522(f)(2)(A) sets forth a formula for determining the extent of impairment:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of
>
> (i) the lien,
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest[6] in the property would have in the absence of any liens.

11 U.S.C. § 522(f). According to the formula set forth in Section 522(f)(2)(A), Mr. Canelos may avoid the respondent's judicial lien in the amount of $8,755.58. The formula is applied as follows:

| | | |
|---|---|---|
| Amount of respondent's judicial lien | | $15,155.58 |
| Other liens on the property: | | |
| Lee Servicing Co. (first mortgage) | | 56,600.00 |
| Signet Bank (second mortgage) | | 14,500.00 |
| Exemption | + | 5,500.00 |
| Total | = | $91,755.58 |
| Debtor's interest (fair market value) | − | 83,000.00 |
| Extent to which lien impairs exemption | = | $ 8,755.58 |
| Amount of respondent's judicial lien | | $15,155.58 |
| Extent to which lien impairs exemption | − | 8,755.58 |
| Amount of respondent's lien remaining | = | $ 6,400.00 |

Therefore, $6,400 of the respondent's lien will survive as an encumbrance upon Mr. Canelos' real property.

## THE DEBTORS' MOTION FOR SUMMARY JUDGMENT WILL BE DENIED AS TO PROCEDURE AND ON THE MERITS

■ The motion for summary judgment [P. 9] will be denied on both procedural and substantive grounds. The debtors must file a complaint to avoid and recover a preferential transfer. They may not do so by motion. See Fed.R.Bankr.P. 7001; Fed.R.Bankr.P. 7003; and Fed.R.Civ.P. 3.

■ The debtors' allegation of a voidable preference also fails on the merits. Because the judgment was obtained and the Notice of Lien was recorded more than 90 days before the date of the filing of the Chapter 7 petition, the debtors may not avoid the transfer as a preference under Sections 547(b) and 522(h). Section 547(b) authorizes the trustee to avoid preferential transfers that were made on or within 90 days before the date of the filing of the petition. 11 U.S.C. § 547(b). Section 522(h) permits debtors to avoid preferential transfers when the trustee does not attempt to do so. 11 U.S.C. § 522(h).

WHEREFORE, to the extent that the motion to avoid lien was filed by Sheila Dawn Canelos, it will be DENIED. The motion of Gregory Peter Canelos to avoid lien will be granted to the extent of $8,755.58. Therefore, the lien will survive to the extent of $6,400. The debtors' motion for summary judgment will be DENIED.

Because an order was entered when the earlier opinion was issued on July 23, 1997, no additional order will be entered at this time.

**6.** The "debtor's interest" as used in the Section 522(f)(2)(A) formula is the fair market value of the real property. *Fitzgerald v. Davis (In re Fitzgerald)*, 729 F.2d 306 (4th Cir.1984); *In re Abrahimzadeh*, 162 B.R. 676 (Bankr.D.N.J.1994); *In re Gonzalez*, 149 B.R. 9 (Bankr.D.Mass.1993), *rev'd on other grounds sub nom. Gonzalez v. First National Bank of Boston*, 191 B.R. 2 (D.Mass. 1996). The debtors need not have equity in the property as a condition of avoiding a lien encumbering the property, so long as the lien impairs an exemption they had validly claimed in the property. *Hoffman v. Internal Revenue Service (In re Hoffman)*, 28 B.R. 503 (Bankr.D.Md.1983); *In re Ford*, 3 B.R. 559 (Bankr.D.Md.1980), *aff'd sub nom. Greenblatt v. Levy Ford*, 638 F.2d 14 (4th Cir.1981). *See 4 Collier on Bankruptcy* ¶ 522.11[3] (citing 140 Cong.Rec. at H10769 (daily ed. Oct. 4, 1994)). Lien avoidance under Section 522(f) has the effect of protecting the debtor's interest in property in the future. Once the lien is avoided, it does not reattach to the property; the property is forever free of the lien. Therefore, the future increase in value or equity of the property is not encumbered by the lien.