**Gayle S. PIERCE, Defendant–Appellant.**

v.

**UNITED STATES of America, Plaintiff–Appellee**

**No. 5:98–CV–690–BR.**

United States District Court,
E.D. North Carolina,
Western Division.

Jan. 27, 1999.

Ryan Dyson, Layton, Dyson & Carraway, Raleigh, NC, for appellant.

Paul M. Newby, Assist. U.S. Atty, U.S. Attorney, Raleigh, NC, for appellee.

## ORDER

BRITT, Senior District Judge.

This matter is before the court on appeal from an order of United States Bankrupt Judge A. Thomas Small. The appeal has been fully briefed and is thus ripe for decision.

### I. BACKGROUND

On 24 August 1984 Leonard E. Pierce and Gayle S. Pierce (defendant-appellants or debtors) filed a joint Chapter 7 petition. The United States (plaintiff-appellee) filed an adversary proceeding to object to the debtors' discharge and to request a determination that their obligation to the Farmer's Home Administration (FHA) was nondischargeable. The Bankruptcy Court held that debtors' obligation to the FHA was nondischargeable. On 25 April 1985, a judgment was entered in favor of the United States for the amount of $40,757.85 plus interest at an annual rate of 9.15%. *In re Pierce,* No. M–84–01271–MN2 (Bankr. E.D.N.C. April 15, 1985).

On 14 October 1994, the plaintiff-appellee obtained a continuing order in garnishment against the wages of the defendant-appellant. Defendant-appellant filed a motion to quash the writ of garnishment on 20 May 1998 which was denied by the bankruptcy court in an order entered 31 July 1998. *In re Pierce,* No. M–84–00188–8–AP (Bankr.E.D.N.C. July 31, 1998). It is from this order that the defendant appealed to this court.

### II. STANDARD

This court has jurisdiction over this matter, as it is an appeal from a final order of the bankruptcy court. 28 U.S.C. § 158. Because the issue presented in this case is a question of law, this court will conduct a *de novo* review. See, *Caswell v. Lang,* 757 F.2d 608 (4th Cir.1985); *In re New England Fish Co.,* 749 F.2d 1277 (9th Cir. 1984).

### III. DISCUSSION

There is only one issue for appeal: whether the Bankruptcy Court erred in permitting the continued garnishment of defendant-appellants' wages pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3001 *et seq.* (FDCPA or the Act) in light of a state statute prohibiting a creditor from enforcing a judgment against personal property more than ten years after the date it is rendered.

The United States is proceeding pursuant to the FDCPA. The FDCPA applies retroactively to judgments entered within 10 years of 28 May 1991, the date the statute became effective. The judgment in this case was entered 25 April 1985; therefore, the FDCPA applies.

On 19 October 1998 this court entered an order in a case involving these same parties. See, *United States v. Pierce,* 231 B.R. 890 (E.D.N.C.1998). In that case, the United States was successful in requesting a permanent injunction requiring Mrs. Pierce to retain life insurance proceeds she obtained as the beneficiary of her husband's life insurance policy. The defendant-appellees made the same argument made here: the ten year time bar upon execution found in N.C.G.S. § 1–306, precludes the government from execution upon its twelve (now thirteen) year old judgment. This court explained that "a state law providing the means for execution of a judgment, such as N.C.Gen.Stat. § 1–306, is preempted by the FDCPA pro-

visions regarding execution." *United States v. Pierce,* 231 B.R. 890, 893 (E.D.N.C.1998).

■ Although this case deals with the continued garnishment of defendant-appellants' wages rather than the continued restraint of insurance proceeds, the issue remains the same. Consequently the reasoning and conclusion of the order entered October 19, 1998 are also the same. The FDCPA was enacted to provide a more consistent means of debt collection for the United States and "bring an end to the present situation whereby a crazy patchwork of laws in the fifty states dictate debt collection remedies available to [the government] in collecting Federal debts." H.R.Rep. 101–825, p. 12. Accordingly, the FDCPA provides the "exclusive civil procedure" for the United States to recover a judgment, except to the extent another federal law applies. 28 U.S.C. § 3001(a)(1). The House Report specifically gives the example that a state law limiting the garnishment of wages would be preempted by the FDCPA's garnishment provisions. H.R.Rep. 101–736, p. 38. State procedures should not be read into the FDCPA where the Act is intentionally silent. The absence of a time limitation for execution against property in the FDCPA was intended to provide "for execution procedures to track the indefinite life of a judgment in favor of the United States." *United States v. Pierce,* 231 B.R. 890, 897 (E.D.N.C.1998). For the same reasons provided in the 19 October 1998 order, "[w]e must and should assume that Congress was aware that a federal judgment is unrestricted in duration." *Id.*

## IV. CONCLUSION

For the reasons stated above, the ruling of the Bankruptcy Court is hereby AFFIRMED.