**In re William Howard KNAPP, Debtor.**

No. 02–50972.

United States Bankruptcy Court,
M.D. North Carolina,
Winston–Salem Division.

Oct. 2, 2002.

---

William V. Bost, Salisbury, NC, for Debtor.

W. Joseph Burns, Winston–Salem, NC, Chapter 7 Trustee.

## MEMORANDUM OPINION

CATHARINE R. CARRUTHERS, Bankruptcy Judge.

This matter coming before the Court after notice to all parties in interest and hearing on August 7, 2002, in the U.S. Bankruptcy Court in Winston–Salem, N.C., to consider the objection by the Trustee to Debtor's claim for property exemptions and motion to turnover property. Appearing at the hearing was William V. Bost, attorney for the Debtor, W. Joseph Burns, Chapter 7 Trustee, and Robyn Whitman, attorney for the Bankruptcy Administrator. After considering the matters set forth in the Motion, the comments of any parties present and wishing to be heard, and the official file, the Court makes the following findings of fact and conclusions of law.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151 and 157(a). This is a core matter under 28 U.S.C. § 157(b)(2)(B). The following findings of fact and conclusions of law are presented in accordance with Federal Rule of Bankruptcy Procedure 7052.

## FACTS

This Chapter 7 case was filed on April 15, 2002. W. Joseph Burns was appointed as the Chapter 7 Trustee. On Schedule A of the Debtor's bankruptcy petition, the Debtor listed real property with a value of $75,000 and a lien totaling $8,000. The Debtor and his non-filing spouse own the real property as tenants by the entirety and have equity in the amount of $67,000 in the property. The Debtor scheduled no joint unsecured debt. The Debtor claimed this real property as exempt pursuant to 11 U.S.C. § 522(b)(2)(B) and the laws of the State of North Carolina pertaining to property held as tenants by the entirety. The Trustee filed an objection to the Debtor's exemptions. The Trustee contends that applying the reasoning stated by the Supreme Court in *United States v. Craft*, 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (April 17, 2002), which must be applied retroactively, the Debtor should not be able to exclude the real property as an asset of the estate based upon the fact that it is held as tenants by the entirety. The Trustee argues that the interest of the Debtor in the real property is a present property interest that must be valued and included as property of the estate and liquidated to pay the Debtor's individual creditors. The United States Bankruptcy Administrator filed a brief requesting that the Trustee's objection be denied.

## DISCUSSION

■ The issue presented in this case is whether the recent Supreme Court decision in *Craft* brings property held as tenants by the entirety within the reach of a bankruptcy trustee to satisfy the debts of an individual debtor. As set forth herein, the Court concludes that the Debtor's exemptions were properly claimed pursuant to 11 U.S.C. § 522(b)(2)(B) and the laws of the State of North Carolina as property held as tenants by the entirety and is not

property available to the Trustee to satisfy general unsecured debt which is held solely in the name of the Debtor.

■ Tenancy by the entirety is a form of ownership available between husband and wife. In North Carolina, tenancy by the entirety is comprised of five essential characteristics, unity of time, unity of title, unity of interest, unity of possession and unity of the person. *Combs v. Combs,* 273 N.C. 462, 160 S.E.2d 308 (1968). "The estate rests upon the doctrine of the unity of the person, and upon the death of one the whole belongs to the other, not solely by right of survivorship, but also by virtue of the grant which vested the entire estate in each grantee." *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566 (1924). Neither spouse can convey his or her interest in the estate without the other spouse. *Id. See also Worrells v. North Carolina Farm Bureau Mut. Ins. Co.,* 103 N.C.App. 69, 404 S.E.2d 188 (1991). Thus, under North Carolina law, neither spouse holds an individual or separate interest in property held as tenants by the entirety, rather, "each is deemed to be seized of the whole, and not of a moiety or any undivided portion thereof." *Carter v. Continental Insurance Co.,* 242 N.C. 578, 579, 89 S.E.2d 122, 123 (1955) (quoting *Davis v. Bass,* 188 N.C. at 203, 124 S.E. at 568). Neither spouse may encumber the property without the written joinder of the other spouse. N.C. Gen.Stat. § 39–13.6. Accordingly, real property owned as tenants by the entirety in North Carolina is not subject to a claim by a creditor against only one spouse. *Grabenhofer v. Garrett,* 260 N.C. 118, 120, 131 S.E.2d 675, 677 (1963).

■ Pursuant to Section 541(a) of the Bankruptcy Code, a debtor's interest in entireties property is property of the estate. *In re Cordova,* 73 F.3d 38, 40 (4th Cir.1996). Nonetheless, the filing of a bankruptcy petition by one spouse does not sever the tenancy by the entirety property or otherwise change the nature of either spouse's interest in entireties property. *Greenblatt v. Ford,* 638 F.2d 14, 15 (4th Cir.1981). Pursuant to Section 522 of the Bankruptcy Code, a debtor may exempt certain property from property of the estate. Section 522(b)(2)(B) provides "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B). Consequently, according to applicable law in North Carolina, if one spouse files for bankruptcy, a trustee may sell property held as tenants by the entirety only if there are creditors in the case to whom both spouses are indebted. *See In re Williams,* 104 F.3d 688 (4th Cir.1997); *Sumy v. Schlossberg,* 777 F.2d 921 (4th Cir.1985).

Recently, in *Craft,* the Supreme Court addressed whether a tenant by the entirety possesses either "property" or "rights to property" to which a federal tax lien may attach pursuant to Section 6321 of the Internal Revenue Code. In *Craft,* Don Craft incurred income tax liabilities in the amount of $482,446. The taxes were not paid, and a lien attached to all "property" and "rights to property." *See* 26 U.S.C. § 6321. At the time the IRS tax lien was filed, Craft, along with his spouse, owned a parcel of real property in Michigan as tenants by the entirety. After receiving notice of the tax lien, the Crafts executed a quit claim deed in an attempt to transfer Don Craft's interest in the property to his spouse for one dollar. A title search in preparation for the subsequent sale of the property to a third party revealed the IRS tax lien. The IRS released the tax lien to

allow the sale, and one half of the net proceeds were held in escrow pending resolution of the matter. *Craft,* 122 S.Ct. at 1419–20. The district court granted summary judgment in favor of the IRS, finding that the federal tax lien attached at the moment the Crafts executed the quit claim deed. The Sixth Circuit held that the tax lien did not attach to the property because under Michigan law, the husband had no separate interest in entireties property, and remanded to the district court to consider whether any transfers after the tax lien was filed were fraudulent. The district court subsequently found that the husband's mortgage payments on the entireties property were fraudulent. The Sixth Circuit affirmed on that issue and held that its prior opinion in the case was the law of the case on the issue regarding the lien on entireties property. The Supreme Court reversed, finding that the husband's interest in the property held as tenants by the entirety constituted "property" or "rights to property" to which a federal tax lien attached and remanded for valuation of the husband's interest. *Craft,* 122 S.Ct. at 1425.

Using the well known metaphor by Cardozo by which property is described as a "bundle of sticks,"[1] the Court began with the premise that state law determines what rights or "sticks" an individual has in his or her bundle; however, federal law determines whether those rights constitute "property" or "rights to property" for the purposes of federal tax law. Nonetheless, the Court cautioned that the substance of the state property rights must be considered, not the labels. 122 S.Ct. at 1420 (citing *Drye v. United States,* 528 U.S. 49, 58, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999)). Furthermore, the Court emphasized that the scope of 26 U.S.C. § 6321 is broad, so as to allow the IRS to have extensive

collection powers. "Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." *Craft,* 122 S.Ct. at 1423 (citing *Glass City Bank v. United States,* 326 U.S. 265, 267, 66 S.Ct. 108, 90 L.Ed. 56 (1945)).

The Court identified numerous rights that an individual has under Michigan law in property held as tenants by the entirety including the right of possession, the right to exclude third parties, the right to share income generated from the property, the right of survivorship, the right to encumber the property or to one half the net proceeds upon sale with the consent of the spouse, and the right to block a spouse from selling or encumbering the property without his or her consent. One of the "sticks" that tenancy by the entirety does not include is the right of a tenant to unilaterally alienate the property. The Court has previously held that federal tax liens may attach to marital property which cannot be unilaterally alienated. *United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983). In *Rodgers,* the Court allowed a federal tax lien to attach to homestead property, recognizing that under homestead law, both spouses have an independent interest in the property, such that a federal tax lien may attach to those individual interests. 461 U.S. at 703, n. 31, 103 S.Ct. at 2148. The inability to alienate property does not defeat the property interest under 26 U.S.C. § 6321. In *Drye,* the Court noted that "an interest in a spendthrift trust has been held to constitute 'property' for purposes of § 6321 even though the beneficiary may not transfer that interest to third parties." *Drye,* 528 U.S. at 60, n. 7, 120 S.Ct. at 482 (citing *Bank One Ohio Trust Co. v. U.S.,* 80 F.3d 173, 176 (6th Cir.1996)).

---

1. *See generally* Benjamin N. Cardozo, *The*      *Paradoxes of Legal Science* 129 (1928).

In *Craft*, the Court reasoned that if a federal tax lien could not attach to marital property simply because it could not be unilaterally alienated, homestead property as discussed in *Rodgers* would be exempt, as well as community property in states which have laws that prohibit sale without consent of both spouses. *Craft*, 122 S.Ct. at 1423. Thus, the Court concluded that "[t]here is no reason to believe, however, that this one stick—the right to unilateral alienation—is essential to the category of 'property'." *Craft*, 122 S.Ct. at 1423. In light of the numerous rights that a cotenant does possess in entireties property, the Court found that a cotenant has individual rights in entireties property which fall within the scope of Section 6321. As such, the federal tax lien did attach to Craft's rights in the entirety property at the time the lien was filed.

In the present case, the Trustee contends that the reasoning that *Craft* applied to the IRS Code should apply equally to the Bankruptcy Code. Because *Craft* found that independent property rights were possessed by each tenant to which a lien could attach, the Trustee argues, the definition of property of a bankruptcy estate should include property held as tenants by the entirety. The Trustee's duties under the Bankruptcy Code include an obligation to "collect and reduce to money the property of the estate," 11 U.S.C. § 704(1), and gives the Trustee the right to sell entireties property. Finally, the Trustee argues that while this case was filed before the *Craft* decision, *Craft* must be applied retroactively.

■■■■ The enforcement provisions of the Internal Revenue Code grant to the IRS powers to enforce its tax liens which are greater than those possessed by private secured creditors under state law.

*United States v. Whiting Pools, Inc.*, 462 U.S. 198, 210, 103 S.Ct. 2309, 2316, 76 L.Ed.2d 515 (1983). Federal tax creditors are unique in that they are endowed by federal statute with certain powers which allow them to collect tax debts against property most creditors cannot reach. *See United States v. Mitchell*, 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971) (despite the exercise of a married woman's statutory right under state community property law to exonerate herself from debts contracted during marriage by renouncing community of gains, she is personally liable for federal income tax on half of the community income realized); *United States v. Union Central Life Insurance Co.*, 368 U.S. 291, 82 S.Ct. 349, 7 L.Ed.2d 294 (1961) (federal tax lien filed in accordance with federal law is not subject to state filing requirements even as against a bona fide purchaser); *21 West Lancaster Corp. v. Main Line Restaurant, Inc.*, 790 F.2d 354 (3rd Cir.1986) (under state law, a liquor license was not "property" and could not be subject to security interest, but was "property" for the purposes of a federal tax lien). The rationale for this difference is explained in *Rodgers*:

> the Government's right to seek a forced sale of the entire property in which a delinquent taxpayer had an interest does not arise out of its privileges as an ordinary creditor, but out of the express terms of § 7403. Moreover, the use of the power granted by § 7403 is not the act of an ordinary creditor, but the exercise of a sovereign prerogative, incident to the power to enforce the obligations of the delinquent taxpayer himself, and ultimately grounded in the constitutional mandate to "lay and collect taxes."

*Rodgers*, 461 U.S. at 697, 103 S.Ct. at 2144.[2]

2. In general, the United States has expansive    remedies available for the collection of federal

The federal tax creditor's unique status is further evidenced by the ability to reach funds which a debtor may claim as exempt under state law. Section 6334(c) of the Internal Revenue Code provides, "[n]otwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." 26 U.S.C. § 6334(c). The Supreme Court has clearly held that exempt status under state law does not stop a federal creditor. *United States v. Mitchell*, 403 U.S. 190, 204, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971). In *Drye*, the Court stated "once it has been determined that state law creates sufficient interests in the [taxpayer] to satisfy the requirements of [the federal tax lien provision], state law is inoperative to prevent the attachment of liens created by federal statute in favor of the United States." *Drye*, 528 U.S. at 52, 120 S.Ct. at 478 (citing *United States v. Bess*, 357 U.S. 51, 56–57, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958)).

The Bankruptcy Code clearly recognizes the distinction between a Section 6321 federal tax lien and an ordinary judgment lien. A discharge in bankruptcy extinguishes a debtor's personal liability, but does not prevent the enforcement of a valid tax lien against a debtor's bankruptcy estate. 11 U.S.C. § 524(a)(1). Section 522(c)(2)(B) of the Bankruptcy Code expressly provides that exempt property remains subject to a federal tax lien. 11 U.S.C. § 522(c)(2)(B). Because § 522 and state exemptions are inapplicable to tax liens and tax liens are not judicial liens, 11

U.S.C. § 522(f)(1)(a)[3] cannot be used to avoid a tax lien. *See In re Morgan*, 2000 WL 1194144 (Bankr.E.D.N.C.2000).

Nonetheless, the power of the federal tax collector to disregard state exemptions has not been expanded to other creditors and the Bankruptcy Code explicitly incorporates exemptions allowable under state law. *See* 11 U.S.C. § 522(b)(2). Consequently, in North Carolina, a debtor may claim property as exempt under North Carolina General Statute § 1C–1601(a) and the North Carolina common law doctrine of tenancy by the entireties. *See In re Banks*, 22 B.R. 891 (Bankr.W.D.N.C. 1982). In *Craft*, the Court reasoned that a state's choice not to subject entireties property to state law creditors does not bind the federal tax collector, just as "exempt status under state law does not bind the federal collector." *Craft*, 122 S.Ct. at 1426 (citing *Drye*, 528 U.S. at 51, 120 S.Ct. at 474). It follows that, just as a federal tax collector's ability to pierce exempt status and other state protections does not extend to other creditors, the reach of the federal tax collector under *Craft* does not extend to other creditors.

A federal tax lien is a statutory lien, even following the entry of a judgment. *See, e.g., Barstow ex rel. Markair v. I.R.S.*, 272 B.R. 710 (D.Alaska 2001); *In re Rench*, 129 B.R. 649 (Bankr.D.Kan.1991). Unlike a federal tax collector, a bankruptcy trustee has the rights and powers of a hypothetical judicial lien creditor or a hypothetical bona fide purchaser of real property at the time of the commencement of the case. 11 U.S.C. § 544(a).[4] Judicial

---

debts pursuant to the Federal Debt Collection Procedures Act. *See* 28 U.S.C. § 3991 *et seq.* For example, the FDCPA's wage garnishment provisions preempt North Carolina state law limiting the garnishment of wages by an ordinary creditor. *See Pierce v. United States,* 232 B.R. 333 (E.D.N.C.1999).

**3.** Section 522(f)(1)(A) allows a bankruptcy debtor to avoid a judicial lien "to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1)(a).

**4.** In this case, the Trustee did not argue the avoidance of statutory liens under Section 545.

lien creditors with a claim against only one spouse have no rights under North Carolina state law as to entireties property. A bankruptcy filing does not elevate the rights of the hypothetical judicial lien creditor, nor does the trustee stand in the shoes of the IRS. *Craft* did not add the rights and powers of a hypothetical federal tax lien creditor to Section 544. The trustee only takes those rights which the creditor would have had without a bankruptcy proceeding. In the case of the ordinary judicial lien creditor, those rights are defined by the state and liens are created by state statute. *See* N.C. Gen.Stat. § 1–234. Under state law, creditors who have taken judgments against an individual cotenant of entireties property have no lien against the entireties property. It follows, then, that a trustee cannot administer entireties property for the benefit of nonjoint creditors, which otherwise would have no right to such property.

Moreover, the *Craft* opinion is limited by its own language to federal tax liens and the federal tax collector. The Supreme Court specifically based its holding upon the statutory interpretation of § 6321 of the Internal Revenue Code. The United States District Court of Rhode Island recently addressed the scope of *Craft* when confronted with the valuation of a co-tenant's contingent future expectancy interest in entirety property to be sold by a bankruptcy trustee. *See In re Ryan,* 282 B.R. 742 (D.R.I.2002). Under Rhode Island law, creditors may attach entireties property and sell contingent future expectancy interests. The court stated

> Unlike the instant case, which involves Chapter 7 Bankruptcy, the rationale behind the *Craft* decision rests on issues

concerning federal taxation. The Court relied upon the statutory language of § 6321 to hold that Congress intended to reach any and all of a taxpayer's interest in his property to satisfy the collection of taxes. *Craft* gives no indication that the reasoning therein should be extended beyond federal tax law.

*Id.* at 750–51 (citations omitted).

*Craft* clearly recognized the state's right to make a different choice as to state law creditors by protecting entireties property. *Craft,* 122 S.Ct. at 1425. The Trustee seeks to expand *Craft* to destroy the ability of the state to make the choice to recognize property held as tenancy by the entireties. While *Craft* held that each cotenant of entireties property possesses an independent property right to which a federal lien may attach, it maintained that state law determines which sticks are in a person's property bundle. Given *Craft's* continued recognition of a state's right to recognize entireties property, the unique abilities of the federal tax collector, the long standing North Carolina law based upon the doctrine of unity of the person protecting entireties property, and the clear language of 11 U.S.C. § 522, this Court declines to extend *Craft* beyond its application to federal tax liens. In that there is not a federal tax creditor in this case, the Court finds that the Debtor properly exempted his entireties property pursuant to 11 U.S.C. § 522(b)(2)(B) and the laws of the State of North Carolina.

■■■ Finally, as a general rule, statutes operate prospectively and judicial decisions apply retroactively. Despite some past exceptions to the retroactivity doctrine,[5] in *Harper v. Virginia Dept. of Tax-*

**5.** The rule that judicial decisions are to be applied retroactively has a long history with the Supreme Court. For a period of time, the Supreme Court adopted a balancing test and

found prospective application appropriate in some instances. *See Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). For an extensive discussion of the

*ation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993), the Supreme Court held that, when the Court decides a case and applies a legal rule to the parties before it, then it and other courts must give that rule full retroactive effect, applying it to all pending cases, whether or not those cases involve events that predate the announcement of that legal rule. *See also Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); *Reynoldsville Casket Co. v. Hyde,* 514 U.S. 749, 115 S.Ct. 1745, 131 L.Ed.2d 820 (1995). Accordingly, *Craft* must be applied retroactively in cases in which there is a federal tax lien.

For the reasons herein set forth, an Order will be entered contemporaneously with the entry of this Memorandum Opinion denying the Trustee's objection to the Debtor's claim for property exemptions and denying the Trustee's motion to compel turnover of excess value.

evolution of the retroactivity doctrine and a proposed alternative, *see* Jill E. Fisch, *Retro-activity and Legal Change: An Equilibrium Approach,* 110 Harv. L.Rev. 1055 (1997).