**In re Mark GREATHOUSE, Debtor.**

**No. 02–24276–DK.**

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

June 12, 2003.

Richard S. Stolker, Rockville, MD, for Debtor.

Roger Schlossberg, Hagerstown, MD, trustee.

### MEMORANDUM OF DECISION

DUNCAN W. KEIR, Bankruptcy Judge.

The Chapter 7 Trustee, Roger Schlossberg ("Trustee"), filed an objection to debtor's amended claim of exempt property. In that objection, the Trustee takes exception and seeks to prevent the debtor from exempting from administration by the Trustee, the debtor's interest in a single family residence owned by the debtor and debtor's spouse (not in bankruptcy), as tenants by the entireties. The residence is located in Maryland.

■ Section 541(a) of the Bankruptcy Code [1] provides that all of the debtor's interests in the property owned at the time of the petition in bankruptcy, become property of the bankruptcy estate (with limited exception not applicable to the facts of this case). What interests are held by the debtor in property remains

---

1. All code sections refer to the United States Bankruptcy Code found at Title 11 of the United States Code unless otherwise noted.

defined by applicable state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). As in this case, where property is owned by husband and wife, the Court of Appeals of Maryland has long held:

> By the common law of England, which is the law of this state, except where it has been changed or modified by statute, a conveyance to husband and wife does not constitute them joint tenants nor are they tenants in common. They are, in the contemplation of the common law, but one person, and hence they take, not by moieties, but the entirety. They are each seised of the entirety, and the survivor takes the whole. As stated by Blackstone, "husband and wife being considered as one person in law, they cannot take the estate by moieties, but both are seised of the entirety, *per tout, et non per my;* the consequence of which is, that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor." This has been the doctrine of the common law from an early period of its history....

*Marburg v. Cole*, 49 Md. 402, 411 (1878) (citing 2 Bl. Com. 182).

Shortly after the enactment of the present Bankruptcy Code, the issue was raised as to what interest in tenants by the entirety property became property of the bankruptcy estate of a spouse who filed a single case (without the co-spouse filing as joint debtor). The United States Court of Appeals for the Fourth Circuit, in *Green-blatt v. Ford (In re Ford)*, 638 F.2d 14 (4th Cir.1981), aff'g *In re Ford*, 3 B.R. 559 (Bankr.D.Md.1980), determined that the undivided interest of the co-tenant by the entirety filing the bankruptcy petition, became property of the bankruptcy estate. However, because "a debtor's individual creditors could neither levy upon nor sell a debtor's undivided interest in the entireties property to satisfy debts owed solely by the debtor[,] [b]ecause a debtor's interest in tenancy by the entireties property is exempt from process under Maryland law, 'the debtor's interest in property which he holds as a tenant by the entirety may be exempted from the estate.... under [11 U.S.C. § ]522(b)(2)(B).'" *In re Bell–Breslin*, 283 B.R. 834, 837 (Bankr.D.Md.2002) (quoting *In re Ford*, 3 B.R. at 576).

■ Exemption of property from the bankruptcy estate, as permitted under Section 522(b),[2] causes the exempted interest in property to exit the bankruptcy estate and be returned to the debtor free of administration by the Trustee.[3]

The Fourth Circuit further focused its holding in *Greenblatt v. Ford* in its subsequent opinion in the case of *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985). In that case the Trustee[4] objected to the exemption of the debtor's tenants by the entirety interest in property in a case in which there were creditors asserting claims for indebtedness owed jointly by the debtor and the non-filed spouse (co-tenant by the entirety). As argued by the Trustee in the *Sumy* case, the rationale for

---

**2.** Pursuant to Section 522(b)(1), Maryland "opted out" of the applicability of the alternative exemptions set-forth in Section 522(d). Accordingly the exemptions available to the debtor are as provided under federal law excluding Section 522(d), Maryland law, local law, and Section 522(b)(2)(B). *See* Md. Cts. & Jud. Proc. 11–504(g); *In re Canelos*, 216 B.R. 159 (Bankr.Md.1997).

**3.** However, the property interest remains subject to any lien encumbering such property interest, unless such liens are avoided by a separate action under an applicable provision of the Bankruptcy Code.

**4.** The same Trustee as now appears in the instant case before this court.

the exemption of the tenants by the entirety interest failed as to joint creditors because those particular creditors of the debtor could obtain execution against the tenancy by the entirety property for satisfaction of joint obligations. The Court of Appeals agreed with the position espoused by the Trustee and sustained the objection to exemption, but only for a limited purpose. The Court of Appeals held that the tenant by the entirety interest would be property of the estate and administrable by the Trustee, solely for the benefit of actual joint creditors. *Id.* at 932.

■ In the matter now brought by the Trustee, the Trustee in effect seeks to throw out the limitations laid down by the Court of Appeals in *Sumy v. Schlossberg.* In this attempt, the Trustee seeks to employ a recent decision of the United States Supreme Court in *United States v. Craft,* 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002), concerning the rights of the United States as a tax collector. For the reasons stated herein below, the Trustee's objection to exemption must be denied.

■ It has long been established that the United States of America in collecting taxes owed to the Internal Revenue Service, is not limited by state law exemptions. *See Craft,* 535 U.S. at 288, 122 S.Ct. 1414 at 1425–26, 152 L.Ed.2d 437 (citing *Drye v. United States,* 528 U.S. 49, 59, 120 S.Ct. 474, 474, 145 L.Ed.2d 466 (1999) and *United States v. Rodgers,* 461 U.S. 677, 701, 103 S.Ct. 2132, 2132, 76 L.Ed.2d 236 (1983)). In the *Craft* decision, the Court extended this doctrine to property held as tenants by the entireties. In *Craft,* the Court held that where taxes are owed to the Internal Revenue Service by one spouse, and that spouse has an interest in tenants by the entirety property co-owned with a non-tax debtor spouse, the taxpayer's interest constitutes a property right attachable by the United States to collect the tax debt under 26 U.S.C. § 6321. The majority of the Court concluded "that respondent's husband's interest in the entireties property constituted 'property' or 'rights to property' for purposes of the federal tax lien statute. We recognize that Michigan makes a different choice with respect to state law creditors... [b]ut that by no means dictates our choice. The interpretation of 26 U.S.C. § 6321 is a federal question...." *Id.* at 288, 122 S.Ct. at 1425.

The Trustee now argues that because the United States could reach the property interest of the debtor in this case for a tax debt collectable under 26 U.S.C. § 6321, the debtor's interest in the tenancy by the entireties property cannot be exempted for any purpose and notwithstanding the fact that there is no such tax debt in existence. To reach this conclusion the Trustee principally relies upon Section 544(a)(2).[5] This section of the Bankruptcy Code gives to the Trustee the rights and powers of a hypothetical creditor, that extends credit on the date of the bankruptcy petition, including specifically the right to avoid a transfer, to the extent that such rights are held under non-bankruptcy law by a hypothetical unsatisfied creditor after execu-

---

**5.** Section 544(a)(2) provides:
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—....

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists....

tion.[6] From this provision, the Trustee argues that the Internal Revenue Service is a hypothetical creditor that extended credit at the time of the commencement of the case and obtained at such time an execution against the debtor that was returned unsatisfied. The Trustee then states that he stands in the shoes of such hypothetical tax creditor and acquires all of the rights and powers of such creditor. Included in such right and power, argues the Trustee, would be the hypothetical tax creditor's right to object to the exemption of the tenants by the entirety interest of the debtor under the reasoning of *Craft*. The Trustee then concludes that the Trustee's objection to exemption should be sustained for the benefit of all creditors of the estate.

The position espoused by the Trustee has been addressed by other courts and rejected, without exception.[7] *See, e.g. In re Kelly*, 289 B.R. 38, 44–45 (Bankr.D.Del. 2003); *In re Knapp*, 285 B.R. 176, 182–83 (Bankr.M.D.N.C.2002); *In re Ryan*, 282 B.R. 742, 750 (D.R.I.2002). For example, in *Ryan*, the court stated "*Craft* gives no indication that the reasoning therein should be extended beyond federal tax law." 282 B.R. at 750. Likewise, in *Kelly*, the court concluded that *Craft* was inapplicable to a judgment creditor because of the Court's reliance on the federal tax lien statute. 289 B.R. at 44. The court noted that, in contrast to federal tax law, Delaware law does not permit a judgment against one spouse to attach to that spouse's entireties property. 289 B.R. at 44.

In *Knapp*, the Chapter 7 trustee put forth an argument similar to the argument made by the Trustee in this case. The trustee in *Knapp* objected to the Debtor's exemption of tenants by the entireties property, arguing that the reasoning of *Craft* should apply to include such property as part of the bankruptcy estate. 285 B.R. at 181. Following a determination that North Carolina law did not permit attachment of property held by tenants by the entirety, the court rejected the trustee's argument. *Id.* at 182. The court found that the power of a federal tax collector to disregard state exemptions has not been expanded to other creditors. *Id.* at 183. "A bankruptcy filing does not elevate the rights of the hypothetical judicial lien creditor, nor does the trustee stand in the shoes of the IRS. *Craft* did not add the rights and powers of a hypothetical federal tax lien creditor to Section 544." *Id.*

Furthermore, the position espoused by the Trustee is directly contrary to the reasoning and the holding of the Fourth Circuit in *Sumy* and to a provision of the United States Bankruptcy Code. In *Sumy*, the Fourth Circuit held that if there were *actual* creditors that under a non-bankruptcy law could reach the debtor's tenant by the entirety interest in the property, objection to that exemption would be sustained but only to the extent of the claims of such actual creditors. 777 F.2d at 932. The Fourth Circuit in *Sumy* upheld the exemption as to the claims of all other creditors.

**6.** An example of the application of Section 544(a) is discussed in this court's opinion in *GAF Linden Employees Federal Credit Union v. Robertson (In re Robertson)*, 232 B.R. 846 (Bankr.D.Md.1999), deciding that a Trustee can take personal property free of the rights of an unperfected security interest for purposes of administering it for the benefit of

creditors because the holder of an unperfected security interest in Maryland is subordinate to a judicial lien creditor.

**7.** This court has not been able to locate, nor has the Trustee cited this court to any opinion sustaining the position of the Trustee.

In this case, there are no actual creditors who have a right to execute against the tenants by the entirety interest of the debtor in this property. Notwithstanding the holding in *Sumy*, the Trustee would have this court find that where only a hypothetical creditor could be posited that could collect from the debtor's interest in the tenants by the entirety property, the exemption totally fails and the property is administrable for all actual creditors, regardless of their rights against the property interest. At oral argument the Trustee conceded that such a hypothetical creditor would include not only the asserted hypothetical tax debt, but would include hypothetical joint creditors of the type that were actual creditors in the *Sumy* case.

Although the Fourth Circuit in *Sumy*, where actual joint creditors existed, limited the sustainable objection to exemption of tenants by the entireties interests to that needed for the protection of actual creditors holding recourse against the tenants by the entireties property, here where no such actual creditors exist (tax or otherwise), the Trustee argues the objection to exemption should be sustained for the benefit of all creditors, none of whom hold rights of recourse against such property.

While the Trustee points to the *Craft* decision as a recent development in the law justifying his "novel theory," [8] the *Craft* decision actually makes no change to the jurisprudence effecting the issue presented. Before *Craft* it was long recognized that a type of creditor could exist that had recourse to tenants by the entireties property, *i.e.*, a creditor holding a claim owed jointly by husband and wife. *See, e.g., In re Ford*, 3 B.R. at 575; *Phillips v. Krakower*, 46 F.2d 764, 765 (4th Cir.1931). Such joint creditors could have been asserted as a hypothetical creditor in any case. Nonetheless, *Sumy* limited the

trustee's objection to exemption to the actual claims having recourse to the tenants by the entireties property. What the Trustee now asks this court to do is throw out the limitations *Sumy* recognizes. In effect, if the Trustee's argument is correct, no tenant by the entirety interest can be exempted in any case because hypothetically one could always posit a hypothetical tax or joint creditor. That the Trustee has chosen to identify his hypothetical creditor as a tax creditor, instead of a joint creditor, has no bearing on the argument. Consequently, the recognition of the tax collection rights of the United States enunciated in the *Craft* decision is not material to the decision presented to this court in this case, and is not a development in the law that changes the settled authority on this issue.

The holding requested by the Trustee would, in effect, overrule the result in *Greenblatt v. Ford*, as well as the continued protection of the tenant by the entirety interest against claims of non-joint creditors upheld in *Sumy*. Indeed such a result would throw out a part of the Bankruptcy Code. 11 U.S.C. § 522(b)(2)(B) includes within allowable exemptions:

> Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to

---

**8.** *See* Transcript of hearing held on May 21, 2003, at p. 5.

exempt property listed in paragraph (2) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (1), where such election is permitted under the law of the jurisdiction where the case is filed. Such property is....

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint....

11 U.S.C. § 522(b)(2)(B).

The ruling for which the Trustee argues would render this provision nugatory. *See Pennsylvania Department of Public Welfare v. Davenport,* 495 U.S. 552, 562, 110 S.Ct. 2126, 2133, 109 L.Ed.2d 588 (1990) (citing *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 837, 108 S.Ct. 2182, 2189, 100 L.Ed.2d 836 (1988)) ("Our cases express a deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment.").

For the reasons stated above, the Trustee's objection to exemption must be denied. An order conforming to this opinion will be entered.